IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

In re:

RICHARD K. ARCHER and
RUTH E. ARCHER

_____Debtors._____

KENT RIES, Chapter 7 Trustee,

Plaintiff/Appellant,

v.                                                                                         2:22-CV-198-Z

ESTELLE ARCHER, *et al.*,

Defendants/Appellees.

**ORDER**

Before the Court are the Findings of Fact and Conclusions of Law of the United States

Bankruptcy Judge (ECF No. 1-7) concerning two Archer family farm properties (the "Property"),

transfer of title to the Property, and, therefore, whether the Property is part of the bankruptcy estate.

The Findings of Fact and Conclusions of Law are **ADOPTED**, and the Bankruptcy Court's order

is **AFFIRMED**.

The Bankruptcy Court concluded "that Archer did deliver the deeds and did so with intent

to effect conveyance of both farms." ECF No. 1-7 at 23. Accordingly, the Bankruptcy Court

ordered that: (1) "the Moore County Farm and the Randall County Farm do not constitute property

of the bankruptcy estate"; (2) "all relief requested by the Trustee is denied"; and (3) "the

Defendants' request for an award of attorney's fees is denied." ECF No. 1-6. Plaintiff/Appellant

timely appealed pursuant to Federal Rules of Appellate Procedure 3, 4(a)(1)(A), and 6, and Federal

Rule of Bankruptcy Procedure 8002. *See* ECF No. 1-5. This Court has jurisdiction to review the

Findings of Fact and Conclusions of Law under 28 U.S.C. Section 158. The parties thoroughly briefed the issues presented. *See* ECF Nos. 6–11.

Appeals from a bankruptcy court are taken in the district court. 28 U.S.C. § 158(c)(2). The district court reviews legal conclusions *de novo*. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). However, factual findings must be found "clearly erroneous" — that is, implausible "in the light of the record read as a whole" — in order to disregard them. *Id.*; *see also In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2002). The burden is a high one, requiring "the definite and firm conviction that a mistake has been committed," *In re Perry*, 345 F.3d at 309, not merely that the district court would have weighed the evidence differently, *In re Munn*, 643 B.R. 141, 152 (N.D. Tex. 2002). Similarly, the district court evaluates a bankruptcy court's equitable considerations under the abuse of discretion standard. *In re Kolstad*, 928 F.2d 171, 173 (5th Cir. 1991).

Having considered the Findings of Fact and Conclusions of Law, the record, the parties' briefs, and relevant law, the Court is convinced that the Bankruptcy Court correctly decided the issues of law. Therefore, the Findings of Fact and Conclusions of Law are **ADOPTED** as the opinion of this Court. The Bankruptcy Court's order denying the Trustee's causes of action and requested forms of relief, including attorney's fees, is **AFFIRMED**.

**SO ORDERED**.

November 21, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE